IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS GUIL ZAYAS-CINTRON, | Civil No. 3:23-cv-1081 |
| Plaintiff | (Judge Mariani) |
| v. | |
| C.O. HICKS, MS. GOSS, C.O. FIENI, LT. CAMPBELL, C.O. FIGARD, KERI MOORE, J. RIVELLO, LT. S. GRASSMYER, LT. J. CORLEY, CAPT. A. EBERLING, CAPT. K. STEVENS, | |
| Defendants | |

## MEMORANDUM

Plaintiff Luis Guil Zayas-Cintron ("Zayas-Cintron"), an inmate housed at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed a complaint raising claims for civil rights violations under 42 U.S.C. § 1983, and a tort claim under the Federal Tort Claims Act ("FTCA"). (Doc. 1). Named as Defendants are Correctional Officer Hicks, Correctional Officer Fieni, Correctional Officer Figard, Unit Manager Ms. Goss, Lieutenant Campbell, Assistant Grievance Officer Keri Moore, Superintendent J. Rivello, Lieutenant S. Grassmyer, Lieutenant J. Corley, Captain A. Eberling, and Captain K. Stevens. (*See* Docs 1, 17). Presently before the Court is Defendants' motion (Doc. 15) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant the motion.

## I. Allegations of the Complaint

At all relevant times, Zayas-Cintron was housed at SCI-Huntindgon. (Doc. 1). He alleges that Defendants Hicks and Fieni threatened and intimated him on January 6, 2023. (*Id.* ¶ 13). Zayas-Cintron asserts that this behavior was "unethical." (*Id.*).

He next alleges after he filed grievances against Defendants Hicks and Fieni, Defendant Figard also began to threaten and harass him. (*Id.* ¶ 15). Zayas-Cintron claims that Defendants Goss and Campbell did not investigate his harassment allegations because they were biased against him. (*Id.* ¶ 16).

Zayas-Cintron alleges that Defendant Moore, in her role as Assistant Grievance Officer, dismissed his grievance appeal because she is also biased against him. (*Id.* ¶ 17).

He asserts that Defendant Rivello violated his equal protection rights by interfering with his right to secure a prison job. (*Id.* ¶ 18).

Zayas-Cintron also claims that the SCI-Huntingdon mail room misplaced his mail on March 31, 2022 and April 13, 2022. (*Id.* ¶ 14).

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

Defendants move to dismiss the complaint on the following grounds: (1) any official capacity claims must be dismissed because they are barred by the Eleventh Amendment; (2) Zayas-Cintron failed to state a retaliation claim against Figard; (3) a violation of the DOC Code of Ethics does not create any enforceable rights; (4) Zayas-Cintron does not have a constitutional right to employment at the DOC; (5) Zayas-Cintron failed to allege the personal involvement of Goss, Campbell, Moore, Grassmyer, Corley, Eberling, and Stevens; (6) Zayas-Cintron may not assert a FTCA claim against Pennsylvania state correctional employees; and (7) Zayas-Cintron is not entitled to compensatory damages. (Doc. 16).

Zayas-Cintron filed a brief in opposition to the motion to dismiss.[1] (Doc. 20). The opposition brief only addresses Defendants' argument that they are entitled to Eleventh Amendment immunity, their argument related to Hicks and Fieni, and their argument related to the DOC Code of Ethics. Zayas-Cintron does not challenge the remainder of Defendants' arguments. Nonetheless, the Court will consider each argument raised by Defendants.

### A. Official Capacity Claims

Defendants first assert that the claims against them in their official capacities must be dismissed because they enjoy Eleventh Amendment immunity from suit for acts taken in their official capacities. (Doc. 16, pp. 4-5). Personal capacity suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988). Official capacity suits, in contrast, generally represent an action against an entity of which the government official is an agent. *Id.*; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978). When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens.

---

[1] Zayas-Cintron's brief in opposition to Defendants' motion contains factual allegations that are not expressly set forth in the complaint. (*See* Doc. 20). The Court may not consider such allegations because a complaint cannot be amended by way of an opposition brief. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 117 (1984); *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Lavia v. Pennsylvania*, 224 F.3d 190, 195-96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official capacity and the state is the real party upon which liability is sought. *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). Congress has not abrogated the immunity regarding Zayas-Cintron's claims, nor has Pennsylvania waived this grant of immunity. *See* 42 PA. C.S.A. § 8521(b). Thus, Zayas-Cintron's section 1983 claim against the Defendants in their official capacities is barred by sovereign immunity. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010). Defendants are entitled to dismissal on this ground.

## B. First Amendment Retaliation Claim

The First Amendment offers protection for a wide variety of expressive activities. *See* U.S. CONST. amend I. To establish a section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a prisoner-plaintiff must prove that he was engaged in a constitutionally protected activity. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner-plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." *Id.* (quoting *Suppon v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner-plaintiff must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in

6

the decision to discipline him." *Rauser*, 241 F.3d at 333-34 (quoting *Mount Health Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.[2] *See Lape v. Pennsylvania*, 157 F. App'x. 491, 498 (3d Cir. 2005).

Once the plaintiff has made a prima facie case, the burden shifts to the defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." *Carter v. McGrady*, 292 F.3d 152, 158 (3d. Cir. 2002) (internal quotation and citation omitted). When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned. *Rauser*, 241 F.3d at 334.

Zayas-Cintron alleges that Defendant Figard threatened and harassed him, in retaliation for filing grievances against Defendants Hicks and Fieni. He does not aver that he filed any grievances against Defendant Figard. Courts have consistently rejected retaliation claims "against one defendant based on [protected activity] against another [individual]" for lack of retaliatory motive. *Victor v. Lawler*, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010), *aff'd*, 565 F. App'x 126 (3d Cir. 2014); *see also Evans v. Rozum*, 2009

---

[2] Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. *Krouse v. American Sterlizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997).

7

WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others."); *Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim that he was retaliated against by a defendant who was not the target of his protected activity). Zayas-Cintron fails to clear the first *Rauser* hurdle in that he has not established that he was engaged in constitutionally protected activity, with respect to Defendant Figard, at the time of the alleged retaliatory conduct of Defendant Figard.

Even assuming that Zayas-Cintron has satisfied the first *Rauser* prong—as filing of an inmate grievance constitutes a constitutionally protect activity—in accepting as true all factual allegations set forth in the complaint, it is clear that Zayas-Cintron failed to meet the second *Rauser* element. *See Fantone v. Latini*, 780 F.3d 184, 192 n.8 (3d Cir. 2015) ("The filing of a prison grievance is an activity protected by the First Amendment.")). Generally speaking, verbal threats and harassment do not constitute adverse action for purposes of establishing a First Amendment retaliation claim. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (nonprecedential); *Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009) ("[T]hreats alone do not constitute retaliation…the claim relating to the threat failed."). Because Zayas-Cintron has not identified an adverse action sufficient to deter an ordinary person from exercising his First Amendment rights—the second element of a retaliation

claim—his claim fails. The Court will dismiss the First Amendment retaliation claim asserted against Defendant Figard.

### C. Violation of the DOC Ethics Code

Zayas-Cintron alleges that Defendants Hicks and Fieni exhibited "unethical" behaviors. (Doc. 1 ¶ 13). This allegation does not rise to the level of a constitutional violation. Defendants argue that the DOC Code of Ethics does not create any enforceable rights in inmates. (Doc. 16, pp. 8-9). "[A] prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension"). Accordingly, Zayas-Cintron has not alleged a plausible constitutional violation based on the violation of a DOC ethics policy. This claim will be dismissed.

### D. Plaintiff does not have a Constitutional Right to a Prison Job

Zayas-Cintron also alleges that Defendant Rivello violated his equal protection rights by preventing him from obtaining a prison job. (Doc. 1 ¶ 18). Prisoners, however, have no constitutional right to any particular prison job, or a prison job at all. *See Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014); *see also James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (prisoners have "no entitlement to a specific job, or even to any job"). Caselaw is thus clear that Zayas-Cintron has no protected right to a prison job, and he cannot establish a Fourteenth Amendment claim. The Court will grant Defendants' motion to dismiss this claim against Superintendent Rivello.

### E. Claims against Goss, Campbell, Moore, Grassmyer, Corley, Eberling, and Stevens

Defendants next argue that Zayas-Cintron failed to state a claim against Goss, Campbell, Moore, Grassmyer, Corley, Eberling, and Stevens because they lack personal involvement in the alleged wrongs. (Doc. 16, pp. 10-11; Doc. 27).

Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge

10

and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Zayas-Cintron's complaint is completely silent as to the alleged conduct of Defendants Grassmyer, Corley, Eberling, and Stevens. (*See* Doc. 1). Their names do not appear anywhere in the complaint. It is impossible to determine the alleged unconstitutional action, if any, taken Defendants Grassmyer, Corley, Eberling, and Stevens. Accordingly, the Court must dismiss these Defendants for lack of personal involvement.

With respect to Defendants Goss and Campbell, Zayas-Cintron alleges that they were biased and did not investigate the purported threats and harassment against him. (Doc. 1 ¶ 16). He identifies Goss as a Unit Manager, and Campbell as a Supervisor. (*Id.* ¶¶ 5, 7). Insofar as Zayas-Cintron seeks to hold Defendants Goss and Campbell liable based on their supervisory roles, this claim fails. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Accordingly, the claims against Defendants Goss

and Campbell will be dismissed to the extent that Zayas-Cintron's claims against them rely on a *respondeat superior* theory of liability.

Zayas-Cintron next asserts that Defendant Moore is the Assistant Grievance Officer of the DOC and she responded to his grievance appeal. (Doc. 1 ¶¶ 9, 17). The filing of a grievance is not sufficient to show the actual knowledge required for personal involvement. It has long been recognized that a state prisoner's allegation that prison officials and administrators responded inappropriately or failed to respond to a prisoner's complaint or grievance, is insufficient to establish personal involvement in the underlying unconstitutional conduct. *See Rode*, 845 F.2d at 1207-1208 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right"); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006). In accordance with the foregoing, any attempt by Zayas-Cintron to establish liability against Defendant Moore based upon her response to a grievance does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005). Defendants' motion will be granted on this ground as well.

Finally, the Court notes that, while Zayas-Cintron mentions that the "SCI-Huntingdon Leal-mail room lost or misplaced" his mail on two occasions, he fails to identify any

Defendant that was involved in this alleged act. (Doc. 1 ¶ 14). In addition to this pleading deficiency, the Court notes that it is routinely held that mere isolated incidents of inmate mail interference, without evidence of an improper motive, is insufficient to establish a constitutional violation. *See, e.g.*, *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation."). Zayas-Cintron has failed to establish the personal involvement of any Defendant with respect to this claim.

### F. Plaintiff may not pursue a FTCA Claim

The Federal Tort Claims Act ("FTCA") grants jurisdiction to the federal courts to hear suits against the United States government for torts committed by its employees while in the scope of their employment. *See* 28 U.S.C. § 2675(a). Thus, under the FTCA, federal inmates may sue the United States for injuries sustained while incarcerated. *See* 28 U.S.C. § 2674; *see also Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)) ("[t]he only proper defendant in a suit pursuant to the FTCA is the United States").

Zayas-Cintron is a state inmate in the custody of the Pennsylvania Department of Corrections. His claims are based on alleged wrongdoing by the Defendants, who are Pennsylvania state employees. Defendants were not employees or agents of the United States during the period relevant to this lawsuit. Zayas-Cintron may not proceed under the

FTCA as he is not a federal inmate, and he has not named the United States as a defendant in this action. As such, the Court will dismiss the FTCA claim.

### G. The PLRA bars any request for Compensatory Damages

Section 1997e(e) of Title 42 provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). More than a *de minimis* physical injury must be alleged as a predicate to allegations of mental or emotional injury. *See Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). In the complaint, Zayas-Cintron seeks compensatory damages. (Doc. 1 ¶ 26). However, Zayas-Cintron does not allege that he suffered *any* physical injury, let alone a *de minimis* physical injury, as required for a predicate to emotional injury. *See Mitchell*, 318 F.3d at 534-36. Rather, he asserts that he was "very upset and scared for [his] life." (Doc. 1 ¶ 20). Zayas-Cintron is not entitled to compensatory damages.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515

F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  Since Zayas-Cintron's claims are factually and legally flawed, the Court concludes that allowing leave to amend would be both futile and inequitable.  *See Grayson*, 293 F.3d at 108.

## V.     Conclusion

The Court will grant Defendants' motion (Doc. 15) to dismiss.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 30, 2024